SUMMARY ORDER

Plaintiff-appellant Charla Bikman, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Baer, J.), dismissing Bikman’s complaint for lack of subject matter jurisdiction. We assume the parties’ familiarity with the facts and procedural history of this case.
The district court applied the doctrine outlined in District of Columbia Court of Appeals v. Feldman, 460 U.S. *14 462, 482-86 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923), to find that it had no subject matter jurisdiction, and Appellant contends that the doctrine did not apply to her complaint. Contrary to Appellant’s arguments, her claims fall squarely within the Rooker-Feldman doctrine, as (1) she clearly lost in state court; (2) her purported injuries were caused directly by the state court’s judgment; (3) the relief she sought from the district court was to review the substance of the state court’s decision; and (4) the Housing Court judgment was rendered and affirmed by the Appellate Division of the New York Supreme Court prior to Bikman filing her complaint in district court. See McKithen v. Brown, 481 F.3d 89, 97 (2d Cir.2007) (citing Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir.2005)).
Appellant nonetheless asserts that the Rooker-Feldman doctrine did not apply because the Housing Court decision was void and rendered without jurisdiction. Whether the Housing Court had jurisdiction to enter the judgment was an argument that Appellant should have presented on appeal to the Appellate Division, and she has provided no explanation for why the argument was not presented at that time.
Appellant also contends that she had a constitutional right to res judicata, which the Housing Court violated, and that she could not have raised this constitutional claim in state court. In support of her assertions, Appellant cites Federated Department Stores v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). However, contrary to Appellant’s argument, that case does not indicate that res judicata is an independent fundamental right that forms the basis of a constitutional claim, and we have found no other cases to support that conclusion.
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.